IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARM BUREAU LIFE INSURANCE COMPANY and FARM BUREAU MUTUAL INSURANCE COMPANY,<br><br>  Plaintiffs,<br><br>vs.<br><br>AMERICAN NATIONAL INSURANCE COMPANY, AMERICAN NATIONAL GENERAL INSURANCE COMPANY, AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, KENNETH GALLACHER, and DARRIN IVIE,<br><br>  Defendants. | ORDER and MEMORANDUM DECISION<br><br><br>Case No. 2:03-CV-646 TC |

Now before the court are five motions in *limine* brought by American National Insurance Company, Darren Ivie, and Kenneth Gallacher and joined by American National Property and Casualty Company and American National General Insurance Company[1] (collectively, "Defendants.")

This Order memorializes the court's rulings from the bench during the July 7, 2007 hearing on four of these motions, making the discussion of those motions brief. The court will provide more detail in discussing the fifth motion, which seeks to exclude the deposition testimony of Byron Howard, a deceased witness.

---

[1] American National Property and Casualty Company and American National General Insurance Company's motions to join the other Defendants' motions *in limine* (Dkt. Nos. 390, 391, 392, 393, & 394) are GRANTED.

I. **Motion to Exclude Plaintiffs' Evidence Regarding Defamation Claims (Dkt. Nos. 366 & 400)**

Defendants' motion to exclude evidence regarding Plaintiffs' defamation claims is DENIED. At this stage, it appears that Garth Swallow's testimony and Greg Ostergren's emails are relevant not only to the Plaintiffs' now-defunct defamation claims, but also to their other operative claims. Moreover, any potential unfair prejudice caused by these statements does not outweigh their probative value. As such, these items will be admitted.

II. **Motion to Exclude Plaintiffs' Evidence Regarding GAMA Anti-Proselytizing Statement (Dkt. Nos. 368 & 398)**

The court will DEFER ruling on Defendants' motion to exclude the GAMA Anti-Proselytizing Statement until Plaintiffs attempt to introduce it at trial. While the court agrees that the Statement is vague and does not appear to constitute an industry standard, it may be appropriate for impeachment or other similar purposes.

III. **Motion to Exclude Certain Statements of Mr. Howard (Dkt. Nos. 372 & 397)**

The parties inform the court that Mr. Howard has passed away since his deposition and that Plaintiffs intend to admit parts of Mr. Howard's videotaped deposition testimony as evidence at trial. As explained below, Defendants' motion to exclude certain statements by Mr. Howard in his deposition is DENIED in part and GRANTED in part.

Defendants seek to exclude three statements Mr. Howard made in his deposition, as follows:

1. That Mr. Ostergren "obviously" knew about Mr. Gallacher's alleged plan to recruit about 40 Farm Bureau agents in Arizona, Nevada, and Utah;

2. That Mr. Howard and Warren Pakulski had a conversation "as recruiting efforts were unfolding in Southern Utah by Darrin Ivie in October and November of 2002;" and

      3.      Several references to a conversation that Grant Stubbs allegedly described to Mr. Howard in which Mr. Ivie told Mr. Stubbs that Mr. Ivie preferred that Mr. Stubbs wait to leave Farm Bureau for American National until Mr. Ivie himself did so.

Turning to Statement 1, Defendants argue that Mr. Howard had no personal knowledge about what Mr. Ostergren knew about Mr. Gallacher's alleged plans. Plaintiffs counter that Mr. Howard's statement what Mr. Ostergren obviously knew was an inference Mr. Howard made grounded in his observation of Mr. Ostergren during their conversation.

The court agrees with Plaintiffs. A witness may make an inference or give an opinion as long as it is based on personal observation. See Fed. R. Evid. 701 ("the [lay] witness' testimony in the form of opinions or inferences is limited to those . . . which are (a) rationally based on the perception of the witness"). See also Jean-Baptiste v. K-Z Inc., 442 F. Supp. 2d 652, 661 (N.D. Ind. 2006) (employee allowed to testify to his opinion that co-worker had purposely hit him, which was reasonably based on employee's perception). Here, Mr. Howard inferred from his interaction with Mr. Ostergren that Mr. Ostergren was already aware of something Mr. Howard had just told Mr. Ostergen. Defendants' motion to exclude Statement 1 is accordingly DENIED.

Looking to Statement 2, Defendants contend that there is no indication that Mr. Howard had any personal knowledge about any recruiting efforts Mr. Ivie might have undertaken. Plaintiffs answer that Mr. Howard knew about Mr. Ivie's alleged recruting efforts of Mr. Stubbs, and was simply referring to those efforts.

Here, Defendants prevail. Plaintiffs have not established that Mr. Howard was aware of any "recruiting efforts" being undertaken by Mr. Ivie. Instead, Mr. Howard apparently used the words "recruiting efforts" to characterize the interaction between Mr. Ivie and Mr. Stubbs that Mr. Howard described in Statement 3. Unlike Mr. Howard's inference in Statement 1, Mr. Howard's opinion that the alleged conversation between Mr. Ivie and Mr. Stubbs was a

"recruiting effort" is not grounded in personal observation. Defendants' motion to exclude Statement 2 is therefore GRANTED.

Finally, concerning Statement 3, Defendants assert that Mr. Howard's testimony about what Mr. Stubbs said is hearsay and does not fall into any hearsay exception. Plaintiffs respond in two ways. First, they assert that Mr. Stubbs' statement is not offered for its truth, but rather to "provide context and background to Mr. Howard's warning to American National that its conduct was inappropriate." (Dkt. No. 411 at 10.) Second, Plaintiffs argue that the statement is not hearsay, because it is offered to show the impact on Mr. Howard, and by implication, American National, that Mr. Ivie was breaching duties by recruiting Mr. Stubbs.

Plaintiffs' argument about the statement being admissible because it provides background has no merit. The cases Plaintiffs cite to support that proposition concern only out of court statements explaining the conduct of a criminal investigation. See, e.g., U.S. v. Freeman, 816 F.2d 558, 563 (10th Cir. 1987) (background exception to hearsay rule applies only to statements "offered for the limited purpose of explaining why a Government investigation was undertaken"). Plaintiffs point to no application of this exception in the civil context.

Plaintiffs' second argument is circular. Plaintiffs argue that it does not matter whether the statement is true, only that it put Mr. Howard on notice that Mr. Ivie intended to recruit Mr. Stubbs. But to establish that Mr. Ivie intended to recruit Mr. Stubbs, a fact-finder would need to take as true Mr. Howard's recounting of what Mr. Stubbs said, and then infer that it constituted improper recruiting by Mr. Ivie. In other words, Statement 3 is clearly offered for its truth. Accordingly, Defendants' motion to exclude Statement 3 is GRANTED.

IV. **Motion to Exclude Certain Statements from Mr. Pakulski (Dkt. Nos. 374 & 396)**

This motion is GRANTED in part and DENIED in part. The court GRANTS

Defendants' motion relating to Mr. Pakulski's statement that "So that is where Heather [Erickson] is getting her prospects is from Wells 75.8% three-year and 84.4%, 2002 loss ratio account," which Mr. Pakulski made in his January 17, 2003 email to Mr. Gallacher (attached as Ex. C to Dkt. No. 375). This statement is straight-forward speculation that Ms. Erickson would obtain her prospects from Mr. Well's client list, and states in a conclusory fashion that she would do so. On this basis, the court will exclude this statement.

On the other hand, Plaintiff's motion to exclude Mr. Pakulski's other objected-to statements is DENIED. The court finds that these statements are not speculative in nature, but rather express opinions based on information before Mr. Pakulski or state such information. Further, any undue prejudice they may cause does not outweigh their probative value.

**V.    Motion to Restrict the Scope of Plaintiffs' Claimed Trade Secrets (Dkt. Nos. 376 & 399)**

The Plaintiffs did not oppose Defendants motion to limit the scope of Plaintiff's trade secrets, so it is GRANTED.

SO ORDERED this 10th day of July, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief District Judge