IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARM BUREAU LIFE INSURANCE COMPANY and FARM BUREAU MUTUAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br><br>vs.<br><br><br>AMERICAN NATIONAL INSURANCE COMPANY, AMERICAN NATIONAL GENERAL INSURANCE COMPANY, AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, DARRIN IVIE and KENNETH GALLACHER,<br><br>Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:03 CV 646 (TC) |

Defendants American National Insurance Company, American National General Insurance Company, American National Property Insurance and Casualty Company (collectively "American National"), Kenneth Gallacher, and Dan Ivie have asked the court to stay execution of judgment pending appeal. Defendants further seek a supersedeas bond that is less than the full amount of judgment or a waiver of the requirement of a bond. Defendants' motion for a stay of execution is GRANTED. Defendant's motion for a reduced or waived bond requirement is DENIED.

## BACKGROUND

Following a nine-day trial, a jury returned verdicts in favor of Plaintiff Farm Bureau Life Insurance Company and Farm Bureau Mutual Insurance Company (collectively "Farm Bureau")

1

on six causes of actions.  The jury awarded Farm Bureau $3,606,214 in compensatory damages and $62,727,000 in punitive damages.

After trial, in response to Defendants' motions, the court entered an amended judgment and reduced the total amount of punitive damages to $3,606,214.  (Docket No. 615.)  The punitive damages assessed were as follows: $431,214.01 against American National General Insurance; $862,428.02 against American National Property and Casualty;  $2,156,070.04 against American National Insurance Company; $18,513.45 against Darrin Ivie; and $137,988.48 against Kenneth Gallacher.  (Id.)

Defendants American National and Mr. Gallacher now move to stay execution of its judgment pending appeal.  Mr. Ivie, who is proceeding pro se, joins in this motion.  (Docket No. 617; see also Docket No. 625.)  Defendants, who already deposited approximately $3.6 million with the court, contend that the court should reduce or waive the security requirement given the financial stability and strength of American National and the company's interest in pursuing more lucrative investment opportunities.

## ANALYSIS

Rule 62(d) of the Federal Rules of Civil Procedure provides that an appealing party may obtain a stay on execution of judgment by posting a supersedeas bond.[1]  The bond's purpose is to protect the nonappealing party from loss resulting from the stay, including a potentially insolvent debtor.  In most circumstances, a court sets the amount of the bond to cover the full judgment,

---

[1]Before 1968, Rule 73(d) of the Federal Rules of Civil Procedure governed the bond amount required to stay execution of judgment pending appeal.  See Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755 (D.C. Cir. 1980).  The amount of the bond was to include the entire amount of judgment remaining unsatisfied, costs on appeal, interest, and damages due to the delay.  Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189 (5th Cir. 1979).  Significantly, some courts apply Rule 62(d) while keeping in mind the requirements of Rule 73(d).  Id.

including costs, interests, and damages for delay.  Strong v. Laubach, 443 F.3d 1297, 1299 (10th Cir. 2006); Olcott v. Del. Flood Co., 76 F.3d 1538, 1559 (10th Cir. 1996); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2905 (2d ed. 1995).  A court has discretion to waive or reduce the bond requirement when the circumstances are appropriate.  Strong, 443 F.3d at 1299; Olcott, 76 F.3d at 1559-60;  Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986).[2]

Courts exercise this discretion and reduce or waive the security required pursuant to Rule 62(d) only in unusual circumstances.  Miami Int'l Realty, 807 F.2d at 873 (quoting Texaco, Inc., v. Pennzoil Co., 784 F.2d 1133, 1154, 1155 (2d. Cir. 1986)).  In most cases, courts are simply unwilling to accept a bond that represents less than the full amount of assessed judgment.  E.g., Myers v. Mid-West Nat'l Life Ins. Co., No. 04 CV 396, 2009 WL 306366 (D. Colo. Feb. 6, 2009) (concluding appealing party had not demonstrated good reason for departing from the usual full security requirement); Athridge v. Rivas, 236 F.R.D. 6 (D.D.C. 2006) (noting appealing party "utterly failed to meet their burden to objectively demonstrate why [the court] should depart from the usual requirement"); Manildra Milling Corp. v. Ogilvie Mills, Inc., 887 F. Supp. 249, 250 (D. Kan. 1995) (requiring bond amount of 125 percent of judgment pursuant to

---

[2]Some courts in the Tenth Circuit have considered the criteria outlined in Dillon v. City of Chicago, 866 F.2d 902 (7th Cir.1988), in deciding whether to waive or reduce the bond requirement.  See Myers v. Mid-West Nat'l Life Ins. Co., No. 04 CV 396,  2009 WL 306366 (D. Colo Feb. 6, 2009); Sierra Club v. El Paso Gold Mines, Inc., No. 01 CV 2163, 2003 WL 25265871 *7 (D. Colo. April 21, 2003); Dutton v. Johnson County Bd. of County Comm'rs, 884 F. Supp. 431, 435 (D. Kan.1995).  These criteria include (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is "so plain that the cost of a bond would be a waste of money"; and (5) whether the appellant is in such a precarious financial situation that the requirement to post a bond would place appellant's other creditors at risk. Dillon, 866 F.2d at 902, 904-05.  As other courts have done, this court took these factors into consideration.

local rules in trademark infringement action); N. River Ins. Co. v. Greater N.Y. Mut. Ins. Co.,

895 F. Supp. 83, 84 (E.D. Pa. 1995) (considering insufficient a bond of only $20 more than the

amount of judgment).  Cf. Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.,

532 F.3d 1063, 1068 (10th Cir. 2008) (stating district court originally required $7 million bond to

stay execution of the amended judgment of more than $6.1 million including prejudgment

interest and costs).  The appealing party has the burden of demonstrating objectively that posting

a full bond is impossible or impractical.

The court in North River Insurance looked to the purpose of Rule 62(d) in considering

whether the circumstances of a certain case called for a departure from the usual bond

requirement.  895 F. Supp. at 84.  There, the court had entered a judgment of more than $4.4

million in favor of the plaintiff insurance company and awarded the plaintiff more than $211,000

in attorneys fees.  The defendant insurance company, appealing from both orders, had posted a

bond that was less than $20 more than the amount awarded to the plaintiff.  In concluding that

the amount of the bond was insufficient, the court considered the following principles:

> Simply put, a supersedeas bond acts as a guarantee that the appellee
> will be able to obtain satisfaction of the judgment if the appellant is
> unsuccessful on appeal.  The appellee should not have to undertake
> the risk that the appellant's financial situation will deteriorate while
> appellant's appeal is pending.  The appellee won in the district court.
> In fairness it should be able to obtain immediate protection for the
> full amount that may ultimately be due if the appellant opts to
> withhold immediate payment while exercising its appellate rights. By
> the same token, the bond also allows the appellant to avoid the risks
> of trying to recover its money if it pays the judgment and then is
> successful on appeal.

Id.  Because the bond would "not fully protect" the plaintiff for the amounts to which it would

be entitled if the appeal were unsuccessful, the court concluded that the amount of the bond was

insufficient.  Id. at 84.  Although the court admitted it had "the authority to allow a lesser bond, it

should do so only in extraordinary circumstances." Id. at 84-85.

In the Tenth Circuit's view, the circumstances of Miami International Realty merited
such a departure.  807 F.2d at 874.  The appealing party in that case was "financially unable to
post a full bond and . . . execution on the judgment would place him in insolvency."  Id. Cf. Am.
Bank & Trust Co. v. Bond Int'l Ltd, No. 06 CV 317, 2007 WL 1187997 (N.D. Okla. April 17,
2007) (concluding appealing party "will likely have [financial] difficulty posting a supersedeas
bond for the full amount of the judgment, [but] their actions suggest that a bond in some not
insignificant amount is necessary to protect [the] judgment while the case is on appeal").

Finally, the Tenth Circuit in Olcott reversed the district court for requiring bonds in
excess of the amount of judgment.  76 F.3d at 1560.  The district court had initially ordered the
appealing party to post a $50,000 bond.  More than six years later, the appealing party posted
another bond in the amount of $402,527.98, and the district court refused to exonerate the initial
bond.  The Tenth Circuit "fail[ed] to understand the necessity of maintaining the original
$50,000 bond after the defendants posted their second bond in the full amount of the judgment"
and reversed the district court's decision.  Id.

This case does not present circumstances that warrant departure from the usual rule that
the amount of the bond should match the amount of the judgment.  See Strong, 443 F.3d at 1299;
Olcott, 76 F.3d at 1559-60.  American National represents that its net worth is $3.4 billion, more
than 100 times larger than the current judgment, which the company classified as "a relatively
small commitment."  (Defs.' Mem. Supp. Mot. Stay, 2, 6, Docket No. 618.)  American National
is not in the financial position of the parties in American Bank or Miami International Reality,
which were excused from posting a full bond because they were simply unable to do so.  Based
on American National's own admissions, requiring the company to post a bond in the amount of

the full award would not financially compromise the company.

American National's primary reason for requesting that this court decrease or waive the security requirement is that the company expects that it could earn a higher return if it were free to invest the money as it saw fit while the appeal was pending. A security deposit with the court is invested in a Treasury Bill, which features a rate of return that is unpalatable to American National. Should the court not require additional security, American National promises that it will "greatly improve its return, while at the same time remaining sufficiently liquid to pay any final judgment." (Defs.' Reply, 6, Docket No. 640.) Even assuming this is true, it is not a sufficient reason to make Farm Bureau bear the risk that American National's financial situation will not deteriorate in the meantime. American National does not direct this court to a case that would specifically compel a conclusion to the contrary. Considering the current economic climate, no company's financial stability is beyond question.

Farm Bureau won in the district court. In fairness, Farm Bureau should be able to obtain immediate protection for the full amount that might ultimately be due while it waits for American National to exercise its right to appeal.[3] American National has failed to demonstrate good cause for departure from the standard requirement.

For the reasons set forth, the court ORDERS:

(1)     Defendants' Motion for Stay of Execution (Docket No. 617) is GRANTED with the following conditions:

(a)     American National's deposit with this court of $3,606.214.00 shall be

---

[3]Moreover, the court cannot force American National to post a supersedeas bond. American National is free to exercise its appeal rights regardless of whether it posts a supersedeas bond. At most, this court can deny American National's motion for a stay of execution until a bond has been posted. Shaw v. United States, 213 F.3d 545, 550 n.8 (10th Cir. 2000).

treated as a supersedeas bond for general damages awarded joint and severally against all Defendants.

(b)     Within 10 days of the date of this order, American National shall post an additional supersedeas bond in the amount of $3,587,700.55 for the amount of punitive damages awarded against American National Insurance, American National General Insurance, American National Property and Casualty, and Mr. Gallacher.[4]

(c)     Within 10 days of the date of this order, Mr. Ivie shall post a supersedeas bond in the amount of $18,513.45 for the amount of punitive damages awarded against him.

(2)     Defendant's Motion to Prohibit Execution Pending Resolution of Motion to Stay Execution is DENIED as moot.  (Docket No. 625.)

DATED this 8th day of April 2009.

                        BY THE COURT:

                        *Tena Campbell*

                        TENA CAMPBELL
                        Chief Judge

---

[4]To make the process of posting any supersedeas bond easier, the court advises counsel to include a copy of this order, which provides the authority for the court to receive any funds.